UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRANDON GRIFFITH,

                        **Plaintiff,**

                 v.                                    9:06-CV-142
                                                    (FJS/DRH)

CLINTON COUNTY JAIL and
SHERIFF FARREAU,

                        **Defendants.**

---

**APPEARANCES**

**BRANDON GRIFFITH**
Southern State Correctional Facility
700 Charleston Road
Springfield, Vermont 05156
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court is Plaintiff Brandon Griffith's amended complaint, *see* Dkt. No. 8, which he submitted in compliance with this Court's May 4, 2006 Memorandum-Decision and Order, *see* Dkt. No. 5.[1] Since Plaintiff's amended complaint does not comply with the Court's previous Order, the Court dismisses that pleading.

In its May 4, 2006 Memorandum-Decision and Order, the Court advised Plaintiff that he must include the names of Defendants in both the caption and the body of any amended

---

[1] The Court notes that it granted Plaintiff's two requests for extensions of time in which to file his amended complaint until September 22, 2006. *See* Dkt. Nos. 6-7.

complaint that he filed with the Court and that he must allege wrongdoing on the part of each Defendant whom he named in this action. *See id.* at 3-4. The Court also advised Plaintiff that, in order to hold Defendant Clinton County Jail liable for the alleged wrongdoing, he must allege that a custom or policy of that entity was the moving force behind the alleged violation of his Constitutional rights. *See id.* at 5. Finally, the Court dismissed the State of New York as a Defendant based upon Eleventh Amendment immunity. *See id.* at 4-5.

## II. DISCUSSION

The Court's review of Plaintiff's amended complaint reveals that it does not comply with the Court's May 4, 2006 Memorandum-Decision and Order. Specifically, the Court notes that, although Plaintiff has named new Defendants in the caption of his amended pleading,[2] he has submitted an amended complaint that is absolutely identical in every other respect to his prior complaint. Moreover, Plaintiff has not made any new allegations in his amended complaint. Rather, the body of his amended pleading mimics that of his prior complaint word for word. In addition, Plaintiff does not mention the new Defendants that he has included in the caption of his amended complaint, District Attorney Richard Cantwell and the Plattsburgh Police Department, in the body of that pleading, despite this Court's explicit admonition to Plaintiff about the consequences of his failure to do so. Moreover, Plaintiff fails to make any specific allegations against Defendant Sheriff Farreau. Plaintiff also continues to assert in the body of his amended

---

[2] Plaintiff did eliminate the State of New York as a Defendant as the Court instructed him to do. In his amended complaint, Plaintiff names Sheriff Farreau, Clinton County Jail, Attorney Richard Cantwell, and Plattsburg [sic] Police Department as Defendants in this action. *See* Dkt. No. 8.

complaint that Corrections Officer Michael Ganeau beat him; however, he fails to name Mr. Ganeau as a Defendant in the caption of his amended pleading.  Finally, Plaintiff, once again, fails to allege a municipal custom or policy in his claim against Defendant Clinton County Jail and fails to allege any custom or policy in connection with his apparent claims against newly-named Defendant Plattsburgh Police Department.

For all these reasons, the Court finds that Plaintiff's amended complaint neglects to remedy the defects in his original complaint which the Court clearly and explicitly noted in its May 4, 2006 Memorandum-Decision and Order and is, therefore, subject to dismissal

### III. CONCLUSION

After reviewing the amended complaint that Plaintiff submitted in accordance with this Court's May 4, 2006 Memorandum-Decision and Order, the Court hereby

**ORDERS** that Plaintiff's amended complaint is **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to comply with the terms of this Court's May 4, 2006 Memorandum-Decision and Order and for the reasons stated herein; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: October 20, 2006
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge